UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-62391

MAAZ ISRAR,

      Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

      Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT SEEKING INJUNCTIVE RELIEF AND STATUTORY DAMAGES

Plaintiff MAAZ ISRAR ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant NAVIENT SOLUTIONS, LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.      Defendant is a Delaware limited liability company, with its principal place of business located in Herndon, Virginia.

5.      Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6.      At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

7.      Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

## FACTUAL ALLEGATIONS

8.      This action involves an alleged debt arising from a transaction between Defendant, and Plaintiff, of which was primarily for the personal benefit of Plaintiff, Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt"). Specifically, the Consumer Debt is the money Defendant claims it is owed for educational loans afforded to Plaintiff.

9.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10.     Defendant is a business entity engaged in the business of collecting consumer debts.

11.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12.     Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

13.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

14.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

15.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

16.     On a date better known by Defendant, it began attempting to collect the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant left a voice message (the "Voice Message") lasting one (1) minute and twenty-seven (27) seconds on Plaintiff's cellphone.

18.     In the Voice Message, Defendant never disclosed that the Voice Message is a communication from a Debt Collector.

19.     In the Voice Message, Defendant never disclosed that Defendant is a Debt Collector.

20.     Defendant engaged in activity constituting "any action to collect [a] debt" by sending the Voice Message to Plaintiff. *See* Fla. Stat. § 559.715.

21.     The Voice Message is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22.     The Voice Message was required to comply with, among other things, the disclosure requirements of 15 U.S.C. § 1692e(11) ("The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector,..").

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23.     The Voice Message does not comply with the disclosure requirements of 15 U.S.C. § 1692e(11).

## *COUNT I*
## VIOLATION OF 15 U.S.C. § 1692e(11)

24.     Plaintiff incorporates by reference paragraphs 1-23 as though fully set forth herein.

25.     The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

26.     As stated above, Defendant left the Voice Message on Plaintiff's cellphone in an attempt to collect the Consumer Debt. Notwithstanding whether the Voice Message was Defendant's initial communication with Plaintiff, nowhere in the Voice Message does Defendant state that it (Defendant) is a debt collector, nor does the Voice Message state that it (the Voice Message) is a communication from a debt collector.

27.     Accordingly, Defendant violated § 1692e(11) of the FDCPA in two ways: (1) by failing to state that it (Defendant) was a debt collector in the Voice Message; and (2) by failing to state in the Voice Message that it (the Voice Message) was a communication from a debt collector.

28.     WHEREFORE, Plaintiff, requests the Court enter judgment in favor of Plaintiff and against Defendant for: [1] Statutory damages, as provided under 15 U.S.C. §1692k; [2] Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and [3] Such other or further relief as the Court deems proper.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### COUNT II.
### <u>VIOLATION OF FLA. STAT. § 559.72(9)</u>

29.     Plaintiff incorporates by reference paragraphs 1-23 as though fully set forth herein.

30.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

31.     The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

32.     As stated above, by failing to state that it (Defendant) was a debt collector in the Voice Message; and by failing to state in the Voice Message that it (the Voice Message) was a communication from a debt collector.  Defendant asserted that it (Defendant) had the legal right to attempt to collect the Consumer Debt without disclosing the aforementioned.

33.     Further, Defendant knew the Voice Message sent to Plaintiff violated the FDCPA. As set forth in *Count I,* Defendant violated the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt *via* the Voice Message.

34.     Accordingly, by and through the Voice Message, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

35.     WHEREFORE, Plaintiff, requests the Court enter judgment in favor of Plaintiff and against Defendant for: [1] Statutory damages, as provided under Fla. Stat. §559.77(2); [2]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Costs and attorneys' fees, as provided by Fla. Stat. §559.77(2); [3] An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that violate the FCCPA; and [4] Such other or further relief as the Court deems proper.

DATED: November 23, 2020

Respectfully Submitted,

_/s/ Jibrael S. Hindi_
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com